**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DAVID MICHAEL MONTGOMERY,       *
  # 412-797                            Civil Action No. ELH-14-833

                                    *

Petitioner

                                    *

v.

                                    *

J. PHILLIP MORGAN, et al

                                    *

Respondents

                                  ***

### MEMORANDUM

David Michael Montgomery, the self-represented plaintiff, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondents, J. Phillip Morgan, Warden of Roxbury Correctional Institution, and Douglas Gansler, the Maryland Attorney General, filed a limited answer seeking dismissal for lack of exhaustion, pursuant to 28 U.S.C. § 2254(b).  (ECF 5).  Montgomery, who is proceeding in this matter pro se, has filed correspondence in opposition.  (ECF 7).[2]  This matter is ready for disposition, and there is no need for an evidentiary hearing.  *See* Local Rule 105.6.

---

[1] Montgomery has also filed a motion for leave to proceed in forma pauperis (ECF 2), which shall be granted. Requiring the finance officer at the correctional institution to submit Montgomery's inmate account statement to discern whether Montgomery may proceed without paying the $5.00 filing fee would not be cost effective since Montgomery has already demonstrated his eligibility to proceed as an indigent in other cases recently filed in this district. *See, e.g., Montgomery v. Eastern Shore Correctional Institution*, ELH-14-1793 (D. Md); *Montgomery v. Dubas*, ELH-13-3297 (D. Md.); *Montgomery v. Bigham, et al*., ELH-13-930 (D. Md).

[2] By Order docketed May 20, 2014, the Court granted Montgomery 28 days to respond to the defense's allegation that his claim has not been exhausted.

**BACKGROUND**

In his petition, Montgomery challenges his 2013 judgment of conviction following his guilty plea to second-degree murder, armed robbery, and related offenses, entered on December 30, 2013, in the Circuit Court for Carroll County.  On the same day, the court sentenced Montgomery to a prison term of thirty years.  (ECF 5, Ex. 1 at 4- 6).

 Montgomery did not file an application for leave to appeal his guilty plea.  Thus, his judgment of conviction became final on January 29, 2014, when the time for filing an application for leave to appeal expired.  *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of the date of judgment).

On February 7, 2014, Montgomery filed a petition for post-conviction relief in the Circuit Court for Carroll County.  (ECF 5, Ex. 1 at 19).  A hearing was scheduled for July 7, 2014.  *Id.* at 21.  On June 6, 2014, Montgomery filed a motion in the Circuit Court for Carroll County to withdraw his post-conviction petition.[3]  Montgomery withdrew his state petition two days after he filed correspondence in this court, in reply to respondents' answer, in which he asked this court not to dismiss his federal petition pending resolution of his state post-conviction petition. (ECF 7).

**DISCUSSION**

In his federal petition for habeas relief, Montgomery attacks his 2013 conviction on the following grounds: 1) his guilty plea was not knowing and voluntary; and 2) his lawyer was ineffective.  (ECF 1, pp. 5-6).

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  28 U.S.C. §2254(b) and

---

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=06K13043713 &loc=61&detailLoc=K.

(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Code, Cts. & Jud. Proc. Article, §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals.  Cts. & Jud. Proc. Art. §12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Cts. & Jud. Proc. Art. §12-202.  However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a petition for writ of certiorari to the Court of Appeals.  *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, the claim must be raised in a petition filed in the circuit court.  Thereafter, the litigant may file an application for leave to appeal to the Court of Special Appeals. Md. Code, Crim. Proc. Art. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Cts. & Jud. Proc. Art. §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for a writ of certiorari to the Maryland Court of Appeals in order to exhaust.  *Williams*, 292 Md. at 210-11.

Where a federal habeas petition presents both exhausted and unexhausted claims and the unexhausted claim or claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has said that it considers "the claim to be exhausted and denied on an adequate and independent state-law ground." *George v. Angelone*, 100 F.3d 353, 364-65 n.14 (4th Cir. 1996). Except in limited circumstances not alleged here, *see Rhines v. Weber*, 544 U.S. 269, 276-79 (2005) (discussing the propriety of staying a "mixed" habeas petition), where state court review remains available, a federal habeas petition presenting both exhausted and unexhausted claims must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). And, "[w]here questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

At the time of his guilty plea, and subject to certain time constraints, *see* Md. Rule 8-204, Montgomery was entitled to direct review of his judgment by the Court of Special Appeals of Maryland in that court's discretion. *See* Cts. & Jud. Proc. Art., § 12-302. Montgomery can also collaterally attack his conviction pursuant to the provisions of Maryland's Uniform Post Conviction Procedure Act. *See* Md. Code, Crim. Pro. Art., §§ 7-101 et seq.

Petitioner has failed to exhaust available state court remedies as he has yet to complete his state post-conviction proceedings. Accordingly, the petition will be dismissed, without prejudice, for lack of exhaustion.[4]

---

[4] Montgomery should be mindful of the one-year limitations period that applies to § 2254 proceedings if he intends to refile for federal habeas relief after exhausting his remedies in state court. He will be sent an information and forms packet for filing a 28 U.S.C. § 2254 petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Reasonable jurists would not find petitioner's claims debatable; consequently, the court declines to issue a certificate of appealability.

## CONCLUSION

For these reasons, the court will dismiss the petition, without prejudice, for lack of exhaustion and shall deny a certificate of appealability. A separate order follows.


July 21, 2014                                                    _____/s/_____
Date                                                            Ellen Lipton Hollander
                                                               United States District Judge